UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ONE11 IMPORTS INC.,
Plaintiff,

-v-

NUOP LLC,
Defendant.

16-CV-7197 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

**This Opinion and Order clarifies the Court's preliminary injunction Order entered on October 28, 2016. In particular, nonparty retailers and/or distributors are *not* bound by the Court's Order dated October 28, 2016, with respect to NuOp's products acquired through transactions finalized prior to October 28, 2016.**

Following a hearing held on October 27, 2016, this Court granted Plaintiff ONE11 Imports Inc.'s ("ONE11") motion for preliminary injunction. (Dkt. No. 20.) The next day, the Court issued the preliminary injunction Order. (Dkt. No. 21.) On November 9, 2016, Defendant NuOp LLC ("NuOp") filed an order to show cause why the Court should not clarify its order granting the motion for preliminary injunction. (Dkt. No. 23.) NuOp asks the Court to clarify the extent to which its order: (1) binds nonparties; (2) applies to NuOp products that are already sold and delivered to nonparty retailers; and (3) applies to NuOp's previously used mark, "My Marquee: Illuminate Your Thoughts." (Dkt. No. 24 at 1-2.)

## I. Factual Background

The preliminary injunction this Court entered on October 28, 2016, enjoined NuOp, "its officers, agents, employees, successors, and all other persons purporting to act in concert with

them or on their behalf" from, among other things, "advertising, promoting, marketing, selling, and/or distributing products that bear the name 'My Marquee Lightbox'." (Dkt. No. 21 at 1.)

Since the Court issued its Order, ONE11 has sent correspondence to nonparty retailers, including Nordstroms, Swoozie's, Zibbers Inc. and Chez Farfelu (*see* Dkt. No. 26 ¶ 5), asking that those companies "comply with the Court's Order and stop advertising, promoting, marketing, selling and/or distributing NuOp's products at issue" (*see, e.g.*, Dkt. No. 30-1).

The parties disagree about the scope of the Court's preliminary injunction, and NuOp seeks clarification from the Court as to whether and to what extent the Order binds nonparty retailers and whether it may continue use of the mark "My Marquee: Illuminate Your Thoughts." (*See* Dkt. No. 24 at 1.)

## II. Legal Standard

"It is undoubtedly proper for a district court to issue an order clarifying the scope of an injunction in order to facilitate compliance with the order and to prevent 'unwitting contempt.'" *Paramount Pictures Corp. v. Carol Pub. Grp., Inc.*, 25 F. Supp. 2d 372, 374 (S.D.N.Y. 1998) (citing *Regal Knitwear Co. v. Nat'l Labor Relations Bd.*, 324 U.S. 9, 15 (1945)). "[T]he scope of an injunction should be clarified where there is any doubt as to whom it applies." *Id.*

Federal Rule of Civil Procedure 65(d)(2) provides that preliminary injunction orders "bind[] only the following who receive actual notice of it by personal service or otherwise: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)." Consistent with Rule 65, it is well established that a court "cannot lawfully enjoin the world at large." *Alemite Mfg. Corp. v. Staff*, 42 F.2d 832, 832 (2d Cir. 1930) (Hand, J.). For this Court to hold a nonparty in contempt of a court order, the nonparty "must either abet the

defendant, or must be legally identified with him." *Id.* at 833; *see also People of State of N.Y. by Vacco v. Operation Rescue Nat'l*, 80 F.3d 64, 70 (2d Cir. 1996); *Arista Records, LLC v. Tkach*, 122 F. Supp. 3d 32, 36 (S.D.N.Y. 2015).

A court's power to enjoin is limited to the conduct of a party; therefore, the scope of an injunction is defined by the relationship between the party enjoined and the nonparty in question. "[T]he only occasion when a person not a party may be punished is when he has helped to bring about, not merely what the decree has forbidden, . . . but what it has the power to forbid, an act of a *party*." *See Alemite Mfg.*, 42 F.2d at 833 (emphasis added). Thus, if the enjoined party is not in violation of the injunction, the actively participating nonparty cannot be held in contempt of the injunction. *See Paramount Pictures*, 25 F. Supp. 2d at 374; *see also United Pharmacal Corp. v. United States*, 306 F.2d 515, 516-17 (1st Cir. 1962) ("[I]f the person enjoined is not involved in the contempt, an employee, and by the same token one in active concert or participation, cannot be either, because the decree has not been violated.").

## III. Discussion

NuOp asks for clarification that the Court's October 28, 2016, Order (1) does not apply to nonparties; (2) does not apply to past transactions; and (3) does not apply to its use of the mark "My Marquee: Illuminate Your Thoughts." ONE11 opposes such a clarification, advancing several arguments.[1]

---

[1] ONE11 also argues that NuOp lacks standing to seek clarification of the Court's preliminary injunction Order because "NuOp fails to identify how it has suffered an injury by ONE11's request that nonparty retailers cease sales of 'My Marquee Lightbox' products, or how it would be injured absent the clarification it requests." (Dkt. No. 30 at 7.) But where, as here, there is a clear disagreement between the parties as to the scope of the injunction and where NuOp plausibly alleges that it is likely to suffer harm to its "good will, reputation, and existing business relationships" as a result of ONE11's communications with nonparties (Dkt. No. 32 at 6 & n.3), the Court is satisfied that NuOp has standing. *See Paramount Pictures*, 25 F. Supp. 2d at 374.

First, ONE11 argues that "[t]he Court and . . . ONE11 have no guarantee that NuOp could not seek to evade its responsibilities under the Preliminary Injunction Order through transactions with a third party not named in the lawsuit," such that the Court's Order may be read, pursuant to Rule 65 and the terms of the Order, to bind nonparty retailers and/or distributors "who aid or abet the enjoined party." (Dkt. No. 30 at 5.) But while the Court agrees that there are circumstances in which such nonparties would be bound by the terms of the preliminary injunction, ONE11 has put forth no evidence to satisfy Rule 65's requirement that, to be bound, nonparties must be "in active concert or participation." Without evidence that the relationship between NuOp and the nonparty retailers is "anything but an arm's length transaction involving totally distinct entities," the Court's preliminary injunction Order does not purport to bind and is not binding on nonparty retailers and/or distributors. *Paramount Pictures*, 25 F. Supp. 2d at 375 (quoting *O & L Associates v. Del Conte*, 601 F. Supp. 1463, 1464 (S.D.N.Y. 1985) (internal quotation marks omitted)).

Second, ONE11 appears to believe that the Court's injunction should prevent nonparty retailers from selling infringing goods obtained from NuOp through past contractual relationships. To be sure, Federal Rule of Civil Procedure 65 prevents a party from easily defying a court's preliminary injunction order through the transfer of assets or goods to another entity not bound by the Order. But "Rule 65(d) does not grant a court power so broad 'as to make punishable the conduct of persons who act independently and whose rights have not been adjudged according to law." *Heyman v. Kline*, 444 F.2d 65, 65-66 (2d Cir. 1971); *see Paramount Pictures*, 25 F. Supp. 2d at 375 ("The injunction at issue extends neither to a 'past contractual relationship' between [a party] and nonparty retailers and distributors nor to independent action taken by nonparties on their own behalf." (quoting *United Pharmacal Corp.*

*v. United States*, 306 F.2d 515, 517 (1st Cir. 1962))). ONE11 does not dispute that NuOp's sales of its infringing product to nonparty "retailers or distributors became final before the entry of the injunction." (Dkt. No. 25 ¶ 5; *see* Dkt. No. 30 at 7.) The Court's preliminary injunction Order does not, therefore, "reach backwards in time to action taken prior to the time it was issued." *Paramount Pictures*, 25 F. Supp. 2d at 375 (collecting cases). Products sold and delivered to retailers and/or distributors by NuOp prior to October 27, 2016 are not subject to the Court's injunction.

Finally, ONE11 argues that NuOp's request to exempt from the Court's Order its use of the phrase "My Marquee: Illuminate Your Thoughts" should be denied. The Court's Order prohibits NuOp from "[u]sing (including, but not limited to, in connection with the promotion, marketing, advertising, and sale of products or services) 'My Marquee Lightbox,' . . . or any other dilutive or confusingly similar mark." (Dkt. No. 20 at 1.) While the Court declines to grant ONE11 its request for attorneys' fees incurred in responding to NuOp's application (Dkt. No. 30 at 11 n.7), NuOp's use of the phrase "My Marquee: Illuminate Your Thoughts" falls squarely within the scope of the Court's Order. NuOp is hereby cautioned to "steer well clear of the injunction's outer bounds" going forward. *Mears v. Montgomery*, No. 02 Civ. 407, 2013 WL 69221, at *3 (S.D.N.Y. Jan. 4, 2013).

For these reasons, it is appropriate for the Court to enjoin further misstatements by ONE11. ONE11 argues that its communications with nonparties simply amount to "providing a publicly filed injunction to nonparties whose conduct may be implicated by that ruling." (Dkt. No. 30 at 6-7.) But ONE11's representations to nonparties belie that assertion. (*See* Dkt. No. 32 at 1-3.) For example, one email to Nordstrom improperly indicates that "any retailer who is engaged in reselling My Marquee Lightbox must also cease sales and advertising of the product

immediately." (Dkt. No. 26-3.) Another notes that ONE11 believes the Court's Order "obligates" the nonparty to act, and further "asks that [the nonparty] comply with the Court's Order and stop advertising, promoting, marketing, selling and/or distributing Nuop's products at issue." (Dkt. No. 26-4.) Under these circumstances, NuOp's application for clarification is well taken.

## IV. Conclusion

Accordingly, NuOp's application to clarify the Court's October 28, 2016, Order is hereby GRANTED in part, and it is hereby ORDERED that:

(1) the preliminary injunction Order dated October 28, 2016, is hereby clarified to the effect that it does not apply to nonparty retailers and/or distributors with respect to NuOp's products acquired through transactions finalized prior to October 28, 2016;

(2) by December 21, 2016, ONE11 shall serve a copy of this Opinion and Order on all entities previously contacted by ONE11 regarding the scope of the Court's October 28, 2016, preliminary injunction Order; and

(3) ONE11 shall cease any further misstatements to nonparties regarding either the October 28, 2016, preliminary injunction Order or this Opinion and Order clarifying the preliminary injunction Order.

NuOp's further request to confirm that its use of the mark "My Marquee: Illuminate Your Thoughts" is permissible is DENIED. ONE11's request for attorneys' fees incurred in responding to NuOp's application to the Court is also DENIED.

SO ORDERED.

Dated: December 19, 2016
New York, New York

J. PAUL OETKEN
United States District Judge